```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
ARTHUR N. ABBEY,                      |
                                      |
            Plaintiff,                |
                                      |    06 cv 0409 (KMW)(FM)
    -against-                         |         ORDER
                                      |
THEODORE C. SKOKOS, 3F PARTNERS       |
LIMITED PARTNERSHIP II, 3F            |
MANAGEMENT II, LLC, and               |
3F THERAPEUTICS, INC.,                |
                                      |
            Defendant.                |
--------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

    Plaintiff Arthur N. Abbey ("Plaintiff") has filed suit against Defendants Theodore C. Skokos ("Skokos"), 3F Partners Limited Partnership II ("3F Partners"), 3F Management II, LLC ("3F Management"), and 3F Therapeutics, Inc. ("3F Therapeutics") (collectively, "Defendants"), alleging that: (1) Defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Commission Rule 10b-5; (2) Defendants committed common law fraud and deceit; and (3) Defendants made negligent misrepresentations that induced Plaintiff to purchase a limited partnership interest in 3F Therapeutics.  Skokos has filed a motion to dismiss or transfer the case, arguing that a forum selection clause in a limited partnership agreement requires that this case be litigated in Texas.  3F Partners and 3F Management have filed a joint motion to dismiss or transfer the case, on the same ground as Skokos.  3F Therapeutics has filed a motion to dismiss,

1

arguing that Plaintiff has failed to state a claim upon which relief may be granted and has failed to plead its fraud claims with the requisite particularity.  For the reasons stated below, Plaintiff's Complaint is dismissed.

**I.   Background**

The Court assumes the following facts, drawn from the Complaint, to be true for the purposes of this motion to dismiss. See Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999); cert. denied, 528 U.S. 1188 (2000).

3F Therapeutics is a privately held company that develops, manufactures, and markets cardiac and circulatory medical devices.  Compl. ¶ 7.  In February 2005, Skokos, a founder of 3F Therapeutics and Chairman of its Board of Directors, contacted Plaintiff about a possible investment in the company.  Compl. ¶ 4.  Skokos told Plaintiff that two companies were interested in purchasing 3F Therapeutics and had made "firm offers to purchase all of 3F Therapeutics or its equity securities for '9 figures,' or not less than $6 per share for some 15 million shares outstanding."  Compl. ¶ 8.  Skokos told Plaintiff that he believed 3F Therapeutics could facilitate its sale if it could strengthen its balance sheet, which, as of February 2005, included $8 million of debt.  Compl. ¶ 8.  Skokos told Plaintiff that, if Plaintiff were to purchase 1.8 million shares of 3F

Therapeutics' equity stock at $2.25 per share, Plaintiff would recover his principal capital contribution and realize an increase in the value of the stock within a relatively short period of time.  Compl. ¶ 10.  Skokos asked that, as part of the deal, Plaintiff agree to pay Skokos 20% of whatever profit Plaintiff made on the investment.  Compl. ¶ 14.  Plaintiff agreed to Skokos's proposal and invested $4 million in 3F Therapeutics.

On January 19, 2006, Plaintiff filed the instant Complaint. At the time Plaintiff filed the Complaint, 3F Therapeutics had not been sold.  To date, Plaintiff retains his limited partnership interest.

**II.  Discussion**

    **A.    Forum Selection Clause**

Plaintiff's claims against Skokos, 3F Partners, and 3F Management (collectively, the "Moving Parties") are subject to the forum selection clause he assented to in the Agreement of the 3F Partners Limited Partnership II (the "Agreement"), attached as Ex. B to the Decl. of Theodore C. Skokos in Support of the Motions of 3F Partners Limited Partnership II and 3F Management II, LLC to Dismiss or Transfer.  The Court therefore grants the Moving Parties' motions to dismiss.

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be

unreasonable under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Because "no consensus developed as to the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause," the Second Circuit has established a separate framework under which to analyze motions to dismiss based upon forum selection clauses. New Moon Shipping Co., Ltd. v. Man B&W Diesel AG, 121 F.3d 24, 28-29 (2d Cir. 1997); Private One of N.Y., LLC v. JMRL Sales & Serv., Inc., 471 F. Supp. 2d 216, 221-22 (E.D.N.Y. 2007). "Under this framework, the moving party must first show evidence of 'an apparently governing forum selection clause.'" Private One of N.Y., LLC, 471 F. Supp. 2d 222 (quoting Asoma Corp. v. SK Shipping Co., 467 F.3d 817, 822 (2d Cir. 2006)). If the moving party makes the requisite showing, the burden then shifts to the plaintiff who brought suit "to make a 'strong showing' in order to overcome the presumption of enforceability." Asoma Corp., 467 F.3d at 822 (quoting New Moon Shipping, 121 F.3d at 29).

Here, the Moving Parties have produced a copy of the Agreement, wherein the parties agreed that:

> This Agreement shall be governed by and construed pursuant to the laws of the State of Texas, without giving effect to the princip[le]s of conflict of laws of the State of Texas. The State of Texas shall be the sole and exclusive forum for the resolution of all disputes arising hereunder.

Agreement ¶ 17.24.[1]  Because this language reflects "'the parties' intent to make jurisdiction exclusive,'" the forum selection clause is mandatory.  John Boutari & Son v. Attiki Importers, 22 F.3d 51, 52-53 (2d Cir. 1994) (quoting Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989)).

Plaintiff contends that the Moving Parties' showing is insufficient because his claims "are broader in scope than the forum selection clause."  Pl.'s Mem. of Law in Opp'n to the Motions of Defs.' Theodore C. Skokos, 3F Partners Ltd. P'ship II and 3F Mgmt. II, LLC to Dismiss or Transfer 11.  In the same sentence, however, Plaintiff concedes that "this is an action for fraudulent inducement to invest in 3F Therapeutics."  Given that Plaintiff invested in 3F Therapeutics "through the limited partnership entity created solely for [the purpose of investing in 3F Therapeutics],"[2] the Agreement is integrally related to this action.  Pl.'s Mem. of Law in Opp'n to the Motions of Defs.'

---

[1] The Court will consider the Agreement because it is integral to the Complaint and there are no disputes as to the authenticity, accuracy and relevance of such materials.  E.g., Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

[2] It is settled that "'[a] party may not . . . avoid the effect of a forum selection clause by merely alleging fraud or coercion in the inducement of the contract at issue.  Rather, the party must show that the inclusion of the clause in the contract was the product of fraud or coercion.'"  Person v. Google, Inc., 456 F. Supp. 2d 488, 494 (S.D.N.Y. 2006) (quoting A.I. Credit Corp v. Liebman, 791 F. Supp. 427, 430 (S.D.N.Y. 1992) (internal quotations omitted)).

Theodore C. Skokos, 3F Partners Ltd. P'ship II and 3F Mgmt. II, LLC to Dismiss or Transfer 2; <u>Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC</u>, No. 02 Civ. 767, 2003 WL 22882137, at *6, 2003 U.S. Dist. LEXIS 21858, at *18-19 (S.D.N.Y. Dec. 4, 2003) (holding that a forum selection clause applied "[a]lthough this claim may not be directly connected to the Purchase Agreement [containing the clause], [because] it is integrally related to [Plaintiff's] allegations that [Defendants] fraudulently induced [Plaintiff] to enter into that contract"). The Moving Parties have therefore met their burden to establish the existence of an apparently governing forum selection clause.[3]

---

[3] The decisions that Plaintiff cites are not persuasive. In <u>General Environmental Science Corp. v. Horsfall</u>, 753 F. Supp. 664 (N.D. Ohio 1990), the Northern District of Ohio held that a forum selection clause did not apply where "[n]o contractual claims [were] made and no contract remedies sought" and where the suit was "broader than the forum selection clause." <u>Id.</u> at 667-68. Similarly, in <u>Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc.</u>, 806 F.2d 848 (8th Cir. 1987), the Eighth Circuit held that a forum selection clause did not apply where Plaintiff's "causes of action do not all arise directly or indirectly from the agreement and that [Plaintiff] could not have anticipated having to litigate these claims in [the designated forum]." <u>Id.</u> at 852. The Second Circuit, however, has held that forum selection clauses are not limited to lawsuits involving breach of contract claims. <u>E.g.</u>, <u>Roby v. Corp. of Lloyd's</u>, 996 F.2d 1353, 1361 (2d Cir. 1993) (applying a forum-selection clause to securities claims).

In addition, this case is distinguishable from <u>General Environmental Science Corp.</u> and <u>Farmland Industries, Inc.</u> Here, although Plaintiff alleges that Defendants violated securities laws and committed a number of torts, his central factual claim is that he was fraudulently induced to invest in 3F Therapeutics through 3F Partners; 3F Partners is governed by the Agreement. <u>E.g.</u>, Pls' Mem. of Law in Opp'n to the Motions of Defs. Theodore C. Skokos, 3F Partners Ltd. P'ship II and 3F Mgmt. II, LLC to

Because the Moving Parties have made the requisite showing, the burden shifts to Plaintiff to "overcome the presumption of enforceability." Asoma Corp., 467 F.3d at 822. Plaintiff argues only that the forum selection clause does not apply; he makes no attempt to meet this burden. The Court therefore concludes that the Agreement's forum selection clause applies to this case, and is valid and enforceable. Plaintiff's claims against the Moving Parties are dismissed for improper venue. See Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc. v. Ulysses Cruises, Inc., 131 F. Supp. 2d 393, 409 (S.D.N.Y. 2000) (discussing the appropriate disposition of a case filed in the wrong district because of a governing forum selection clause).

**B.   3F Therapeutics' Motion to Dismiss**

Although the Agreement's forum selection clause arguably applies to all Defendants, see, e.g., Weingrad v. Telepathy, Inc., No. 05 cv 2024, 2005 WL 2990645, at *5, 2005 U.S. Dist.

---

Dismiss or Transfer 11 ("[T]his is an action for fraudulent inducement to invest in 3F Therapeutics."). Given that the Agreement is the vehicle by which Plaintiff invested in 3F Therapeutics, the Agreement -- and its forum selection clause -- touch each allegation that Plaintiff makes. "A forum selection clause cannot 'be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if the gist of those claims is a breach of that relationship.'" Weingrad v. Telepathy, Inc., No. 05 Civ. 2024, 2005 WL 2990645, *4, 2005 U.S. Dist. LEXIS 26952, at *12 (S.D.N.Y. Nov. 7, 2005) (quoting Anselmo v. Univision Station Group, Inc., No 92 Civ. 1471, 1993 WL 17173, at *2, 1993 U.S. Dist. LEXIS 428 (S.D.N.Y. Jan. 15, 1993) (further quotations omitted)).

LEXIS 26952, at *13-14 (S.D.N.Y. Nov. 7, 2005), 3F Therapeutics has not requested it be enforced. The Court turns to 3F Therapeutics' motion to dismiss under Rules 12(b)(6) and 9(b).

In weighing a motion to dismiss under Rule 12(b)(6), the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). "A complaint may not be dismissed under the Rule unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts" entitling her to relief. Id. at 250 (internal quotation marks omitted).

> **1. Plaintiff's Securities Fraud Claim**

To state a claim under Section 10(b) of the Securities Exchange Act and Commission Rule 10b-5, Plaintiff must allege that Defendant: "'(1) made misstatements or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that [his] reliance was the proximate cause of [his] injury.'" Lentell v. Merill Lynch & Co., 396 F.3d 161, 172 (2d Cir. 2005) (quoting In re IBM Secs. Litig., 163 F.3d 102, 106 (2d Cir. 1998)). Because 3F Therapeutics made no statements to Plaintiff, Plaintiff's securities fraud claim hinges on the argument that an agency relationship existed between Skokos and 3F Therapeutics at the time Skokos spoke with Plaintiff. Plaintiff, however, has

failed to establish that an agency relationship existed between Skokos and 3F Therapeutics, and therefore has not satisfied Rule 12(b)(6).

"An agency relationship exists under New York law[4] when there is agreement between the principal and the agent that the agent will act for the principal and the principal retains a degree of control over the agent." In re Parmalat Secs. Litig., 375 F. Supp. 2d 278, 290 (S.D.N.Y. 2005). "To bind a principal, 'an agent must have authority, whether apparent, actual or implied.'" Id. (quoting Cromer Fin., Ltd. v. Berger, No. 00 Civ. 2284, 2002 WL 826847, at *4, 2002 U.S. Dist. LEXIS 7782 (S.D.N.Y. May 2, 2002)); see also Nuevo Mondo Holdings v. Price Waterhouse Coopers LLP, No. 03 Civ. 613, 2004 WL 112948, at *5-6, 2004 U.S. Dist. LEXIS 780, at *13-18 (S.D.N.Y. Jan. 22, 2004) ("The Second Circuit . . . has held that the authority of an agent can only be established by tracing it to its source is some word or act of the alleged principal.").

Here, Plaintiff makes only conclusory allegations that Skokos was an agent of 3F Therapeutics. E.g., Compl. ¶¶ 3, 4 (stating that "Plaintiff was asked by defendant Skok[o]s, an

---

[4] "The law of the forum state governs where, as here, no party alleges that the law of a different state controls and differs from that of the forum." In re Parmalat Securities Litig., 375 F. Supp. 2d 278, 290 n.63 (S.D.N.Y. 2005) (citing Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128, 133 n.26 (S.D.N.Y. 2000), aff'd, 2 Fed. Appx. 81 (2d Cir. 2001)).

acquaintance of Plaintiff, acting for himself and as agent for the other defendants, to make a short term investment of $4,000,000 in a privately held company, defendant 3F Therapeutics, Inc."; and that Skokos "<u>is</u> a founder and Chairman of the Board of Directors of defendant 3F Therapeutics and a principal and registered agent of defendant 3F Therapeutics") (emphasis added).  Skokos' status as a founder and "registered agent" of 3F Therapeutics does not necessarily mean that he was authorized to act as its agent when he allegedly induced Plaintiff to invest in the company.  Nor does Plaintiff's statement that Skokos is Chairman of its board of directors give rise to an inference of agency; the Complaint clearly states that Skokos did not attain that position until May 2005.  Compl. ¶ 17.  In fact, Plaintiff has alleged no facts that allow the Court to infer that Skokos was an agent of 3F Therapeutics when he allegedly induced Plaintiff to invest.  Plaintiff has therefore failed to allege that 3F Therapeutics made any statements whatsoever to Plaintiff.

 3F Therapeutics' Rule 12(b)(6) motion to dismiss Plaintiff's federal securities claim is therefore granted.  The Court need not reach 3F Therapeutics' Rule 9(b) motion.

### 2. Plaintiff's Common Law Fraud and Negligent Misrepresentation Claims

Plaintiff's Complaint asserts that 3F Therapeutics committed common law fraud and deceit, and negligent misrepresentation

under New York state law.  Because the Court has dismissed all bases of federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  28 U.S.C. § 1367(c)(3).

### III. Conclusion

For the reasons set forth above, the Court grants the motions to dismiss filed by Skokos, 3F Partners, and 3F Management [#5, #9].  The Court also grants 3F Therapeutics motion to dismiss [#12].  The Clerk of Court is directed to close this case.  Any pending motions are moot.

SO ORDERED.

Dated:    New York, New York
          August 6, 2007

_____
Kimba M. Wood
United States District Judge

11